## GILMAN v. GAESSER.

No. 2662. Opinion Filed May 6, 1913.

(132 Pac. 318.)

1. **MINES AND MINERALS—Mining Corporations—Liability of Stockholders.** The action to enforce the liability of a stockholder in the corporations referred to in section 1426, Comp. Laws 1909 (Rev. Laws 1910, sec. 1362), is required to be begun within four months after the execution referred to therein is returned, and not from the time of the performance of the labor for which suit was originally brought.

2. **SAME—Execution.** The execution referred to in section 1426, Comp. Laws 1909 (Rev. Laws 1910, sec. 1362), is the general execution provided for by article 19, c. 87, Comp. Laws 1909 (Rev. Laws 1910, art. 19, c. 60), against the goods, chattels, lands, and tenements of the debtor, and an execution against the personal property only is insufficient upon which to predicate an action to enforce the stockholder's liability as provided by such section.

(Syllabus by the Court.)

Kane, J., dissents.

Vol. 38—7.

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Action by F. M. Gilman against T. T. Gaesser. Judgment for defendant, and plaintiff brings error. Affirmed.

*E. B. Morgan, Truman T. Burr,* and *Vern T. Thompson,* for plaintiff in error.
*A. C. Wallace,* for defendant in error.

DUNN, J. This case presents error from the district court of Ottawa county. The action was commenced on the 28th day of January, 1911, by F. M. Gilman, plaintiff in error, against the defendant in error, a stockholder in the Lucile Mining Company, to recover the sum of $200, enforcing against him the statutory liability provided for by section 1426, Comp. Laws 1909 (Rev. Laws 1910, sec. 1362). Plaintiff filed an amended petition to which defendant filed a general demurrer, which on hearing the court sustained, and, plaintiff electing to stand upon his petition, the court dismissed his action at his costs, and by petition in error and transcript he has lodged the case in this court for review.

The section of the statute relied upon by plaintiff, section 1426, *supra,* reads as follows:

"The stockholders of any corporation formed for the purposes mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen and laborers employed by such corporation, which said liability may be enforced against any stockholders by an action at any time after an execution against such corporation shall be returned not satisfied: Provided, such action be commenced within four months. * * *"

Several questions are presented for our consideration. It is the contention, among others, on the part of defendant, that the provision of the said statute that "such action shall be commenced within four months" refers as in the case of mechanic's liens to the time when the goods or labor were furnished, and that it was essential that the action herein

should have been begun within four months after the work and labor for which compensation is provided was performed, but in our judgment the language of the statute is not susceptible of this construction. The action referred to therein relates back to the word "action," which it is provided shall be begun after an execution against such corporation shall be returned not satisfied, and the time referred to, limited to four months, was intended to date from the time of the return of the execution. While the amended petition herein was subsequent to the expiration of the four months from the date of the return of the execution issued, yet the action was commenced by the filing of the original petition and the issuance of summons thereon, within such time.

It is seen that the liability for debts due to mechanics, workmen, and laborers employed by such corporation can be enforced against the stockholders thereof only after execution against it is returned not satisfied. The liability sought to be enforced by plaintiff is a statutory one intended to afford to him the extraordinary remedy of rendering the stockholders of the corporation liable for certain debts if, because of its insolvency, it is unable to meet them. Certainly it was not the intention of the statute that this extraordinary remedy should be available so long as the corporation itself had assets, either real or personal, liable to plaintiff's execution. We therefore hold that the execution referred to herein was that provided for in article 19, of chapter 87, Comp. Laws 1909 (Rev. Laws 1910, art. 19, c. 60), wherein, in section 5970, it is provided that the writ shall command the officer to whom it is directed that of the goods and chattels of the debtor he cause to be made the money specified in the writ, and for want of goods and chattels he cause the same to be made of the lands and tenements of the debtor. It is insisted that the amended petition to which the demurrer was filed is vulnerable because of its failure to aver the issuance of a proper execution. It states "that an execution was duly and regularly issued by said court on said judgment command-

ing J. H. Parkinson, who was the constable of said township, that of the personal property of said Lucile Mining Company he cause the said judgment, interest, and costs, and accruing costs to be made, as a judgment for work and labor." In our judgment this is not a sufficient averment to meet the demands of the statute under which plaintiff is seeking to recover. Sections 6044, 6045, and 6046, Comp. Laws 1909 (Rev. Laws 1910, secs. 5217-5219), provided for the filing of a transcript of any judgment taken before a justice of the peace in the office of the clerk of the district court, and the same is thereafter a lien upon the real estate of the judgment debtor, and execution may be issued thereon against his real estate the same as if the judgment had been originally taken in the district court.

The amended petition of plaintiff failing to meet the demands of the statute in this regard, he is not entitled to its benefits, for the corporation may have owned any quantity of real property and thus amply able to respond to plaintiff's demand, and defendant ought not and is not to be held liable where this is the case.

The judgment of the trial court sustaining the demurrer must therefore be affirmed, and it is therefore unnecessary for us to pass upon the other questions presented.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur. KANE, J., dissents.